UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELIGA BRYANT,              )
                           )
            Plaintiff,     )  No. 11-cv-1345
                           )
      v.                   )  Jeffrey T. Gilbert
                           )  Magistrate Judge
P.O. CUMMENS, #2730 individually and in his )
official capacity as a CHICAGO POLICE        )
OFFICER; P.O. HURMAN, #2998 individually )
and in his official capacity as a CHICAGO    )
POLICE OFFICER,            )
                           )
            Defendants.    )

## ORDER

Plaintiff's Motions *in Limine* [114] are granted in part, denied in part, and remain under advisement in part. Defendants' Motions *in Limine* [113] are granted in part, denied in part, and remain under advisement in part. See Statement below for further details.

## STATEMENT

The Court's rulings on the parties' motions *in limine* are as follows.

### A. Plaintiff's Motions *in Limine*

1. Motion No. 1

Plaintiff's first motion *in limine* seeks to bar Defendants from "impeach[ing] testimony of [Plaintiff] with evidence of any prior arrests or of any conviction over 10 years old, or refer[ring] to such in any manner whatsoever." [114], at 1. Defendants object to this motion to the extent it would preclude them from introducing evidence of Plaintiff's prior arrests and convictions for the purposes of damages. [116], at 1-2.

The premise underlying Defendants' argument—that a plaintiff who previously has been arrested will suffer less emotional distress from a subsequent false arrest—has been questioned. *Betts v. City of Chicago, Ill.*, 784 F. Supp. 2d 1020, 1025-27 (N.D. Ill. 2011). Nevertheless, courts have not rejected this theory of relevance out of hand. *See, e.g., Redmond v. City of Chicago*, 2008 WL 539164, at *9 (N.D. Ill. Feb. 26, 2008). Often, courts "have found that 'to be relevant, the arrests must be substantially similar and the court must conduct a prejudice analysis.'"

*Blackwell v. Kalinowski*, 2011 WL 1557542, at *4 (N.D. Ill. Apr. 25, 2011) (quoting *Moore v. City of Chicago*, 2008 WL 4549137, *1 (N.D. Ill. Apr. 15, 2008)); *see also Dyson v. Szarzynski*, 2014 WL 7205591, at *5 (N.D. Ill. Dec. 18, 2014). Where the parties have failed to present the Court with sufficient information to assess the similarity of prior arrests and the unfair prejudice that would result from admitting evidence of them, courts have refused to rule *in limine* that such evidence is admissible. *See Dyson*, 2014 WL 7205591, at *6 ("Neither party has presented the court with a comprehensive list of Dyson's prior arrests, let alone facts that might allow the court to differentiate between these prior arrests."); *Blackwell*, 2011 WL 1557542, at *4 ("At this juncture, it is simply not clear whether Blackwell's October 17, 2007 arrest involves facts similar to his prior arrests."); *Maldonado v. Stinar*, 2010 WL 3075680, at *6 (N.D. Ill. Aug. 5, 2010) ("In this case, Defendants have not demonstrated that any of Plaintiff's prior arrests involved similar facts or circumstances. . . . At the same time, it would be highly prejudicial to Plaintiff to allow the jury to hear this evidence."); *Brandon v. Vill. of Maywood*, 179 F. Supp. 2d 847, 855 (N.D. Ill. 2001) ("There is no indication that either of Mr. Parker's previous arrests involved similar facts, so their probative value is quite low.").

In this case, neither party has provided the Court sufficient information to adequately determine the probative value of evidence related to Plaintiff's prior arrests and convictions that are more than 10-years-old or the unfair prejudice that would result from admitting that evidence. No party has identified for the Court what prior arrests and convictions are at issue, when they occurred, what they were for, and under what circumstances they occurred. Further, Defendants have not explained how convictions, as distinguished from arrests, are probative of the emotional distress suffered by Plaintiff during the March 1, 2010 incident. Therefore, Plaintiff's Motion *in Limine* No. 1 remains under advisement. This matter will be addressed further at the pretrial conference.[1]

2. Motion No. 2

Plaintiff's second motion *in limine* seeks to bar the impeachment of any trial witness's testimony "with any arrest or conviction that is more than 10 years old." [114], at 1. Defendants do not object to this motion. [116], at 2. Therefore, Plaintiff's Motion *in Limine* No. 2 is granted.

3. Motion No. 3

Plaintiff's third motion *in limine* seeks to bar all "evidence of any prior hearing loss related to" Plaintiff. [114], at 1. The only justification for this motion that Plaintiff provides is Defendants' supposed failure to offer expert testimony related to his prior hearing loss. *Id.* Defendants object to this motion and argue that they should be permitted to introduce medical records that show

---

[1] If the Court were to allow Defendants to admit evidence of Plaintiff's prior arrests and/or convictions, the Court would consider giving a limiting instruction stating that the jury may consider the evidence only for damages purposes. *See Brooks v. City of Chicago*, 2015 WL 3545386, at *2 (N.D. Ill. June 5, 2015).

2

Plaintiff's hearing loss was caused by something other than the March 1, 2010 incident.[2] To the extent such records exist, they would seem to be relevant. Defendants, though, do not state whether any such records exist but, instead, explain that they received some of Plaintiff's medical records only shortly before they filed their response brief. The Court also notes that the parties have stated at multiple status hearings that, after that filing, Defendants obtained additional medical records. In light of the production of additional medical records, Plaintiff's Motion *in Limine* No. 3 remains under advisement. This matter will be addressed further at the pretrial conference.

4. Motion No. 4

Plaintiff's fourth motion *in limine* seeks to bar "testimony that [Plaintiff's] death was not related to injuries sustained in the instant case" because "no expert testimony has been offered as to such." [114], at 2. Defendants object to this motion. [116], at 4. Defendants want to read a stipulation to the jury stating that Plaintiff is deceased and that his death is unrelated to his encounter with the police on March 1, 2010. According to Defendants, Plaintiff never has claimed that his death was related to this encounter and there is no evidence, that they know of, that indicates as much. For the reasons discussed with respect to Defendants' Motions *in Limine* No. 21, Plaintiff's fourth motion *in limine* is denied.

5. Motion No. 5

Plaintiff's fifth motion *in limine* seeks to bar "Defendants from raising any facts related to Plaintiff being assaulted, attacked, or injured in any unrelated cases in his lifetime." [114], at 2. Defendants object to this motion. [116], at 7. According to Defendants, Plaintiff complained to one of his doctors—who Defendants refer to only as "Dr. Young"—about neck pain and Dr. Young found Plaintiff actually did suffer from neck pain. *Id.* Defendants say that Plaintiff previously was stabbed in the neck and they want to be allowed to cross-examine Dr. Young about whether Plaintiff's neck pain could have been caused by the stabbing, instead of the March 1, 2010 incident involved in this case. To the extent Plaintiff introduces evidence that he suffered from neck pain, the evidence Defendants want to elicit from Dr. Young on cross-examination could be relevant. Therefore, Plaintiff's Motion *in Limine* No. 5 is denied. *See Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1055 (N.D. Ill. 2009) (explaining that motions *in limine* to exclude evidence are only granted where that evidence is inadmissible "on all potential grounds").

6. Motion No. 6

Plaintiff's sixth motion *in limine* seeks to bar "Defendants from raising that Plaintiff was involved in a medical malpractice lawsuit in 1980 after sustaining injuries from a stabbing."

---

[2] Defendants also contend that they should be allowed to argue that Plaintiff has not met his burden of proof to show that he suffered hearing loss caused by the incident that gave rise to this lawsuit. Defendants' Response [116], at 3. Plaintiff's motion sought to bar evidence, not this kind of argument.

3

[114], at 2. Defendants do not object to this motion. [116], at 7. Therefore, Plaintiff's Motion *in Limine* No. 6 is granted.

7. Motion No. 7

Plaintiff's seventh motion *in limine* seeks to bar "Defendants from raising evidence or argument that any of Plaintiff's medical treatment was unwarranted or unrelated to the incident at bar, or from arguing that the medical bills for such treatment were excessive and/or not paid or covered by public aid." [114], at 2. As with many of Plaintiff's motions, the only basis for this motion is the "[l]ack of expert testimony." *Id.* Defendants object to this motion, noting that they have not yet reviewed all of the medical records and that medical evidence is relevant only to the extent it is causally connected to the March 1, 2010 incident. [116], at 7. Defendants' response did not address the issues Plaintiff raised with respect to the excessiveness or non-payment of medical bills, or whether Plaintiff's bills were covered by public aid

In this case, the Court starts from the proposition that the only relevant medical evidence (whether of medical treatment, diagnoses, or bills) is that which is causally related to the March 1, 2010 incident. It appears that the parties agree unrelated medical evidence should not be admitted. Neither party, however, has provided enough information for the Court to determine what evidence is or is not admissible. In addition, because Plaintiff's motion and Defendants' response do not flesh out the other issues raised by Plaintiff's motion, the motion remains under advisement. This matter will be addressed further at the pretrial conference.

## B. Defendants' Motions *in Limine*

1. Motion No. 1

Defendants' first motion *in limine* seeks to bar argument that Defendants or their attorneys or agents ever delayed the trial of this case or that Plaintiff has waited a long time for his day in court. [113], at 1. Plaintiff does not oppose this motion. [115], at 1. Therefore, Defendants' Motion *in Limine* No. 1 is granted.

2. Motion No. 2

Defendants' second motion *in limine* seeks to limit "any mention" during jury selection or argument during *voir dire*, opening statement, or closing argument that "seeks to condition the jury to award a specific amount of money, seeks to probe the amount of money a juror would be likely to award as well as any comment in which jurors are asked to consider how much money they would accept in exchange for an experience akin to that alleged by" Plaintiff. [113], at 1. Plaintiff does not oppose this motion, [115], at 1. Despite the broad wording of Defendants' motion, the body of Defendants' brief refers only to *voir dire*. Thus, the Court does not understand Defendants to be seeking an order barring Plaintiff from, for instance, arguing during closing arguments that the jury should award him a certain dollar amount.

Regardless, Defendants' Motion *in Limine* No. 2 remains under advisement. The Court intends to solicit suggestions for *voir dire* questions from the parties, consider those questions, and then

decide on its own what questions to ask of the *venire*. This matter will be addressed further at the pretrial conference.

3. Motion No. 3

Defendants' third motion *in limine* seeks to bar, pursuant to Federal Rule of Evidence 408, any testimony or argument regarding settlement discussions. [113], at 2. Plaintiff does not oppose this motion. [115], at 1. Therefore, Defendants' Motion *in Limine* No. 3 is granted.

4. Motion No. 4

Defendants' fourth motion *in limine* seeks to bar argument that Defendants did not fulfill their discovery obligations. [113], at 2. Plaintiff does not oppose this motion. [115], at 1. Therefore, Defendants' Motion *in Limine* No. 4 is granted.

5. Motion No. 5

Defendants' fifth motion *in limine* seeks to bar from the courtroom during the introduction of evidence and testimony all those persons Plaintiff is intending to, expecting to, or considering calling as witnesses. [113], at 2. Plaintiff agrees potential witnesses should be excluded. [115], at 1. The Court grants Defendants' Motion *in Limine* No. 5 with the understanding that Defendants' witnesses also will be excluded on the same basis as Plaintiff's witnesses. After a witness has testified and will not be recalled, he or she no longer will be barred from the courtroom.

6. Motion No. 6

Defendants' sixth motion *in limine* seeks to bar all attorneys from conferring or speaking with any witness while that witness is under oath to provide sworn testimony. [113], at 2. Plaintiff does not oppose this motion. [115], at 1. It is unclear whether Defendants actually intend to bar all communication about any matter or only communication about the subject matter of the witness's testimony. The Court adopts the latter understanding. With this modification, Defendants' Motion *in Limine* No. 6 is granted.

7. Motion No. 7

Defendants' seventh motion *in limine* seeks to bar any implication or testimony that Chicago Police Department personnel are being paid by the City to appear in court and testify. [113], at 3. Plaintiff does not oppose this motion. [115], at 1. Therefore, Defendants' Motion *in Limine* No. 7 is granted.

8. Motion No. 8

Defendants' eighth motion *in limine* seeks to bar Plaintiff from referring to or calling undisclosed witnesses or exhibits or presenting undisclosed opinions of any kind that were not previously disclosed during discovery. [113], at 3. Plaintiff does not state whether he objects to this

5

motion. Instead, he only says, "Parties will bring updated medical issues of treating physicians to court." [115], at 1. This is non-responsive and does not provide a justification for denying Defendants' motion. Therefore, Defendants' Motion *in Limine* No. 8 is granted.

9. Motion No. 9

Defendants' ninth motion *in limine* seeks to bar any testimony, evidence, argument, or comments regarding other events concerning allegations of police misconduct in the media or in any other forum. [113], at 3. Plaintiff does not oppose this motion. [115], at 1. Therefore, Defendants' Motion *in Limine* No. 9 is granted.

10. Motion No. 10

Defendants' tenth motion *in limine* seeks to bar evidence regarding a "Code of Silence" or a "Blue Wall." [113], at 5. Plaintiff does not oppose this motion. [115], at 2. Therefore, Defendants' Motion *in Limine* No. 10 is granted.

11. Motion No. 11

Defendants' eleventh motion *in limine* seeks to bar any arguments from Plaintiff regarding a conspiracy by Defendants. [113], at 5. Plaintiff objects to this motion on the grounds that he alleges a conspiracy in the complaint. [115], at 2. Plaintiff is correct. *See* Defendants' Answer, Affirmative Defenses and Jury Demand to Plaintiff's Complaint, [15], ¶ 29 (Defendants deny the allegation that Defendants "conspire[d] with one another to use excessive force against Plaintiff and to then cover up such unlawful actions by falsely arresting Plaintiff and then creating a false police report."). Therefore, Defendants' Motion *in Limine* No. 11 is denied.

12. Motion No. 12

Defendants' twelfth motion *in limine* seeks to bar reference to prior incidents of misconduct by any Defendant or police officer witness. [113], at 6. Plaintiff does not oppose this motion. [115], at 2. Therefore, Defendants' Motion *in Limine* No. 12 is granted.

13. Motion No. 13

Defendants' thirteenth motion *in limine* seeks to bar reference to Defendants' counsel as "Corporation Counsel" or "City Attorneys" and to bar mention of the City's indemnification of Defendants. [113], at 7. Plaintiff does not oppose this motion. [115], at 2. Therefore, Defendants' Motion *in Limine* No. 13 is granted.

14. Motion No. 14

Defendants' fourteenth motion *in limine* seeks to bar references to sending a message to the City. [113], at 8. Plaintiff does not oppose this motion. [115], at 2. Therefore, Defendants' Motion *in Limine* No. 14 is granted.

15. Motion No. 15

Defendants' fifteenth motion *in limine* seeks to bar evidence or argument regarding alleged deficiencies in the City's hiring, training, supervision, or retention of its police officers. [113], at 8. Plaintiff does not oppose this motion. [115], at 2. Therefore, Defendants' Motion *in Limine* No. 15 is granted.

16. Motion No. 16

Defendants' sixteenth motion *in limine* seeks to bar testimony about or reference to any violation of General Orders, departmental rules, or Complaint Registers taken against any officers. [113], at 8. Plaintiff does not oppose this motion. [115], at 2. Therefore, Defendants' Motion *in Limine* No. 16 is granted.

17. Motion No. 17

Defendants' seventeenth motion *in limine* seeks to bar evidence related to internal investigations of the March 1, 2010 incident, including evidence related to the quality or thoroughness of that investigation. [113], at 9. Plaintiff does not oppose this motion. [115], at 2. Therefore, Defendants' Motion *in Limine* No. 17 is granted.

18. Motion No. 18

Defendants' eighteenth motion *in limine* seeks to bar evidence of medical bills until it has been affirmatively established that the bills were related to Plaintiff's medical treatment and have been paid. [113], at 10. Plaintiff's only response to this motion is, "Parties will bring updated medical issues to court via joint motion." [115], at 2. This is non-responsive and does not provide a basis for denying Defendants' motion. The Court agrees with Defendants that medical bills for treatments Plaintiff received that were unrelated to this case should be barred. But the Court keeps under advisement the issue of whether Plaintiff must establish that the bills have been paid before he introduces evidence about them. Neither side cites any law on this issue, though case law undoubtedly exists. *See, e.g., Brooks v. City of Chicago*, 2015 WL 3545386, at *3 (N.D. Ill. June 5, 2015); *Kirkland v. Sigalove*, 2015 WL 129082, at *2-3 (N.D. Ill. Jan. 8, 2015); *Haack v. Bongiorno*, 2011 WL 862239, at *6-7 (N.D. Ill. Mar. 4, 2011). This matter will be addressed further at the pretrial conference. Therefore, Defendants' Motion *in Limine* No. 18 is granted in part and remains under advisement in part.

19. Motion No. 19

Defendants' nineteenth motion *in limine* seeks to bar testimony regarding medical treatment not received because of arguments based on sympathy. [113], at 10. Plaintiff's only response to this motion is, "Parties will bring updated medical issues to court via joint motion." [115], at 2. This is non-responsive and does not provide a basis for denying Defendants' motion. Therefore, Defendants' Motion *in Limine* No. 19 is granted.

7

20. Motion No. 20

Defendants' twentieth motion *in limine* seeks to bar testimony from lay witnesses concerning Plaintiff's medical conditions, including what Plaintiff's physicians allegedly told them. [113], at 10. Despite the broad wording of this motion, the body of Defendants' brief is focused on lay witnesses repeating hearsay statements made by medical professionals and providing expert medical opinions. Plaintiff's only response to this motion is, "Parties will bring updated medical issues to court via joint motion." [115], at 2. This is non-responsive and does not provide a basis for denying Defendants' motion. The Court agrees with Defendants that lay witnesses cannot render expert medical opinions and cannot provide hearsay testimony precluded by the Federal Rules of Evidence. With the understanding that this ruling does not preclude lay witnesses from testifying about what they observed or witnessed, in conformity with the requirements of the Federal Rules of Evidence, Defendants' Motion *in Limine* No. 20 is granted.

21. Motion No. 21

Defendants' twenty-first motion *in limine* seeks to bar argument or evidence that Plaintiff's death was related to the March 1, 2010 incident and any further reference to the cause of Plaintiff's death, including evidence or reference to the fact that Plaintiff allegedly had brain cancer or a brain tumor. [113], at 11. Plaintiff's only response to this motion is, "Parties will bring updated medical issues to court via joint motion." [115], at 2. This is non-responsive and does not provide a basis for denying Defendants' motion.

If Plaintiff has admissible evidence that his death was caused by the March 1, 2010 incident, then the Court does not plan to bar him from introducing that evidence as long as he has complied with his obligations under the Federal Rules of Civil Procedure to produce the evidence during discovery. If, on the other hand, it is undisputed that Plaintiff's death is unrelated to the March 1, 2010 incident and there is no evidence to the contrary, then the Court will not allow any party to argue that his death was related to the incident.

If the absence of a causal connection is undisputed, the Court would want to see the jury instruction that Defendants propose. The Court does not see how Plaintiff's brain cancer or brain tumor is relevant to any issue in this case. If it is undisputed that the incident did not cause Plaintiff's death, then the Court is inclined to agree with Defendants that the jury should be told only that Plaintiff died and his death was not caused by (or was unrelated to) the March 1, 2010 incident. Therefore, Defendants' Motion *in Limine* No. 21 remains under advisement. This matter will be addressed further at the pretrial conference.

22. Motion No. 22

Defendants' twenty-second motion *in limine* seeks to bar evidence regarding the existence, defense, and disposition of Plaintiff's underlying criminal case. [113], at 11. Plaintiff objects to this motion and asserts that evidence about his criminal case is relevant, but he does not say to what the evidence is relevant. [115], at 2. The Court would like to address with the parties whether this evidence is relevant to Plaintiff's conspiracy claim and, if so, whether Defendants' Rule 403 objections go to weight rather than admissibility. Therefore, Defendants' Motion *in*

8

*Limine* No. 22 remains under advisement. This matter will be addressed further at the pretrial conference.

23. Motion No. 23

Defendants' twenty-third motion *in limine* seeks to bar any reference to the Fraternal Order of Police disclaimer. [113], at 12. Plaintiff does not oppose this motion. [115], at 2. Therefore, Defendants' Motion *in Limine* No. 23 is granted.

24. Motion No. 24

Defendants' twenty-fourth motion *in limine* seeks to bar any reference or testimony to what Ray Willis saw or would have seen on March 1, 2010. [113], at 13. Willis apparently witnessed the incident that gave rise to this case, but he is deceased. Plaintiff objects only to the extent that he wants the jury to be apprised of the fact that Willis died due to a cause unrelated to this case. [115], at 3. Defendants have not replied to this argument. The Court is inclined to agree with Plaintiff that it would be appropriate to inform the jury—whether through a witness with personal knowledge, a stipulation, or a jury instruction—that Willis is deceased and that the cause of his death was unrelated to this case, if the jury otherwise would wonder why Willis was not called as a witness at trial. This matter will be addressed further at the pretrial conference. Defendants' Motion *in Limine* No. 24 is granted in part and remains under advisement in part.

25. Motion No. 25

Defendants' twenty-fifth motion *in limine* seeks to bar any reference or testimony concerning the death of Steven Bryant. [113], at 14. Plaintiff does not oppose this motion. [115], at 3. Therefore, Defendants' Motion *in Limine* No. 25 is granted.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: January 30, 2017