IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEASTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF ELIGA BRYANT, by and through CLARA BRYANT, duly appointed Administrator of the Estate of Eliga Bryant, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  11 CV 1345 |
| P.O. CUMMENS, #2730 individually and in his official capacity as a CHICAGO POLICE OFFICER; P.O. HURMAN, #2998 individually and in his official capacity as a CHICAGO POLICE OFFICER. | ) ) ) ) ) ) ) | Hon. Judge Jeffery T. Gilbert |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

NOW COMES the Plaintiff, ESTATE OF ELIGA BRYANT, by and through CLARA BRYANT, as duly appointed Administrator of the Estate of Eliga Bryant, by and through attorney ELLIOT R. ZINGER, and presents this FIRST AMENDED COMPLAINT, and in support thereof states as follows:

**PARTIES TO THE ACTION**

1. Plaintiff's decedent, at all times complained of herein was a resident of the State of Illinois, County of Cook. After Plaintiff's decedent passed away, Plaintiff's mother, CLARA BRYANT, was appointed as Administrator of Plaintiff decedent's estate and brings forth this action.

2. Officer Cummens was at all times complained of herein, a duly appointed, qualified and acting police officer employed by the City of Chicago, a municipal corporation.

3. Officer Hurman was at all times complained of herein, a duly appointed, qualified and acting police officer employed by the City of Chicago, a municipal corporation.

4. Defendants are sued both individually and in their official capacity as Police Officers of the City of Chicago, a municipal corporation.

**JURISDICTION AND VENUE**

5. This is a civil action for damages to redress deprivations under the color of law of the rights, privileges, and immunities secured under the Fourth Amendment to the United States Constitution and Title 42 U.S.C. 1983.

6. That this Court has original jurisdiction in this matter pursuant to Federal Question Jurisdiction, 28 U.S.C. 1331, in that this is a civil action arising under the Constitution, laws or treaties of the United States.

7. That venue is proper in this district pursuant to 28 U.S.C. 1391 (b)(1)(2) and (3), in that Defendants reside and may be found in this district and all of the events occurred in this district.

**STATEMENT OF FACTS**

8. That on March 1, 2010 Plaintiff's decedent was at his home at 1638 North Luna, Chicago, Illinois when he became engaged in a verbal altercation with his niece, Jasmine Bryant.

9. That minor physical contact was made between Plaintiff's decedent and Jasmine Bryant after such verbal altercation; such contact was limited to incidental contact, including pushing and shoving one another.

10. That neither Plaintiff's decedent nor Jasmine Bryant suffered any physical injury whatsoever

as a result of said minor contact.

 11. That after Jasmine Bryant became agitated with Plaintiff's decedent, she called 911 and reported such incident to the police.

 12. That when the police arrived, Officer Cummens and Officer Hurman jumped upon Plaintiff's decedent outside of his home, taking him to the ground and beating him incessantly for an extended period of time while he was helplessly on the ground and under the officers' control. Later, both Officer Cummens and Officer Hurman took turns repeatedly punching Plaintiff's decedent in the police station.

 13. That Plaintiff's decedent was arrested and charged with domestic battery, aggravated assault and resisting arrest.

 14. That the resultant criminal charges were dropped when all of the witnesses failed to appear in court.

 15. That as a result of being beaten by Officer Cummens and Officer Hurman, Plaintiff's decedent suffered severe bruising and swelling to the head and left side of his face, and other injuries.

## COUNT I - VIOLATION OF 42 U.S.C. 1983

 16. That Plaintiff repeats, re-alleges and incorporates by reference the factual allegations of paragraphs one through fifteen as if fully set forth herein.

 17. That Plaintiff's decedent was deprived of his Fourth Amendment right secured by the Constitution of the United States in that excessive force was used against him by Defendant's actions described above.

 18. That the Defendants are responsible for the deprivation of these Federal Rights.

19. That all Defendants were acting under the color of law when depriving the Plaintiff's decedent of these rights.

20. That as a result of being deprived of his rights, Plaintiff's decedent was severely injured, and suffered from severe emotional distress.

WHEREFORE, Plaintiff demands compensation in an amount in excess of $75,000 in compensatory damages, attorney's fees and costs of suit, and exemplary damages as warranted.

## COUNT II- VIOLATION OF 42 U.S.C. 1983

21. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through twenty as if fully set forth herein.

22. That all of the above named Defendants, by and through the commission of overt acts described above, and though actual and implied agreement did herein conspire with one another to use excessive force against Plaintiff's decedent and to then cover up such unlawful actions by falsely alleging that Plaintiff's decedent committed criminal acts against the officers, and then further by creating a false police report.

23. That the acts herein described caused the Plaintiff's decedent to suffer severe and permanent physical damage, humiliation, emotional distress and expense.

WHEREFORE, the Plaintiff demands compensation in an amount in excess of $75,000 in compensatory damages, attorney's fees and costs of suit, and exemplary damages as warranted.

## RULE 38 JURY DEMAND

Plaintiff demands trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

ELLIOT R. ZINGER & ASSOCIATES

By: __/s/ ELLIOT R. ZINGER,_____
      One of Plaintiff's Attorneys

Elliot R. Zinger, Esq.
309 West Washington Street
Suite 700
Chicago, Illinois 60606
(312) 782-9464

5